**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(BALTIMORE DIVISION)**

| | |
|---|---|
| 180s, Inc., ) <br>    700 South Caroline Street ) <br>    Baltimore, Maryland 21231, ) <br>      *a Delaware Corporation,* ) <br>                    Plaintiff, ) <br>  ) <br>  ) <br> and ) <br>  ) <br> 180s, LLC, ) <br>    700 South Caroline Street ) <br>    Baltimore, Maryland 21231, ) <br>      *a Maryland Limited Liability Company,* ) <br>                    Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> H&M Hennes & Mauritz L.P. ) <br>    215 Park Avenue S., Floor 15 ) <br>    New York, NY 10003-1612, ) <br>      *a New York Corporation*, ) <br>                    Defendant. ) | Civil Action No. 10-cv-3361 <br><br><br> **COMPLAINT FOR PATENT INFRINGEMENT AND TRADE DRESS INFRINGEMENT** <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs 180s, Inc. and 180s, LLC, (collectively "180s" or "Plaintiffs") allege as follows:

### THE PARTIES

1.    180s, Inc. is a corporation organized under the laws of the State of Delaware, having its principal place of business at 700 South Caroline Street, Baltimore, Maryland 21231. 180s, Inc. owns all right, title, and interest in the intellectual property that is the subject matter of this suit. 180s, LLC is a limited liability company organized under the laws of the State of Maryland, having its principal place of business at 700 South Caroline Street, Baltimore, Maryland 21231. 180s, LLC is a wholly-owned

subsidiary of 180s, Inc. and an exclusive licensee of the intellectual property that is the subject matter of this suit.

2. Defendant H&M Hennes & Mauritz L.P. ("H&M"), on information and belief, is a corporation organized under the laws of the State of New York having its principal place of business at 215 Park Avenue South, Floor 15, New York, New York 10003-1612. H&M is in the business of retailing and distributing finished articles of clothing and cosmetics for men, women, teenagers, and children. According to its website (www.hm.com), H&M operates throughout the United States and thirty-seven other countries around the world.

## JURISDICTION AND VENUE

3. This is a civil action for (i) patent infringement arising under the United States patent statutes, Title 35, United States Code, §§ 1 *et seq*.; (ii) trade dress infringement under Section 43(a) of the Lanham Act, Title 15, United States Code, § 1125(a); and (iii) common law trade dress infringement.

4. This Court has jurisdiction of the subject matter of this action under Title 28, United States Code, §§ 1331, 1338(a), and 1367, and Title 15, United States Code, § 1121.

5. This Court has personal jurisdiction over H&M because the defendant is doing and has done substantial business in this judicial district and has committed acts of infringement, and other acts complained of herein, in this judicial district. H&M's website shows that it operates at least nine stores within the District of Maryland.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because H&M has committed acts of infringement and does business in this District.

## BACKGROUND

7. 180s designs, manufactures and sells innovative performance wear, including ear warmers, gloves, and glasses. 180s was founded in 1994 by Brian E. Le Gette and Ronald L. Wilson, II, two University of Pennsylvania Wharton Business School students, who invented and patented the first

of its kind wrap-behind-the-head ear warmer. When introduced into the marketplace in 1995, the 180s ear warmer achieved immediate success.

8. 180s' success has been driven largely by its innovative ear warmer products, which are protected by a significant portfolio of patents, including the patents asserted in this action, and a trademark registration and common law trade dress rights protecting the distinctive and non-functional trade dress embodied in the configuration and appearance of the products. True and correct reproductions of photographs of a "180s" brand ear warmer are attached as Exhibits A and B. The "180s" ear warmer also includes distinctive trade dress in some or all of the following elements: the overall shape of the product, the wrap-behind-the-head design, binding on the perimeter of the product, the overlap of one ear portion over the other in the collapsed configuration, and a narrow band portion connecting the larger ear portions.

9. 180s has invested considerable effort in promoting its ear warmer products and the associated trade dress. Since at least as early as 1995, 180s has consistently and widely marketed and advertised its ear warmer products by highlighting their distinctive trade dress. As a result, the ear warmer trade dress has become widely recognized by consumers and has acquired secondary meaning in the minds of the consuming public such that it serves as an indicator of the source of the ear warmer product, and therefore represents a valuable asset to 180s.

10. The ear warmer trade dress, while enormously valuable as a source indicator, is not essential to the use or purpose of the products. Moreover, 180s' exclusive rights in its trade dress do not put competitors at a significant non-reputation related disadvantage.

11. H&M imports, offers for sale, and sells wrap-behind-the-head ear warmer products, which compete with products manufactured and sold by 180s. H&M's products contain many of the same elements as the 180s brand ear warmer trade dress.

12. On January 7, 2003, United States Patent No. 6,502,247 ("the '247 Patent"), entitled "Apparatus and Method for Making an Ear Warmer Having Interior Seams," was duly and legally issued

to Le Gette, *et al*.  The '247 Patent has been assigned to 180s, Inc.  A true and correct copy of the '247 Patent is attached as Exhibit C.

13. On November 10, 1998, United States Patent No. 5,835,609 ("the '609 Patent"), entitled "Ear Protection Device," was duly and legally issued to Le Gette, *et al*.  The '609 Patent has been assigned to 180s, Inc.  A true and correct copy of the '609 Patent is attached as Exhibit D.

14. On May 9, 2006, United States Trademark Registration No. 3,089,225 ("the '225 Registration") was duly and legally issued to 180s, Inc. A true and correct copy of the '225 Registration is attached as Exhibit E.

15. 180s, Inc. is the sole owner of the entire right, title, and interest in the '247 Patent, and 180s, LLC is an exclusive licensee under the '247 Patent.

16. 180s, Inc. is the sole owner of the entire right, title, and interest in the '609 Patent, and 180s, LLC is an exclusive licensee under the '609 Patent.

17. 180s, Inc. is the sole owner of the entire right, title, and interest in the trade dress as shown in the '225 Registration. The remaining trade dress rights in 180s' ear warmers have been assigned to 180s, Inc. from 180s, LLC. These collective trade dress rights are exclusively licensed to 180s, LLC.

18. True and correct reproductions of photographs of an "adjustable band" ear warmer product (the "Accused Product") and packaging are attached as Exhibits F and G.  As shown in Exhibit F, the Accused Product is similar to 180s' ear warmer products in at least the following ways:  the overall shape of the product, the wrap-behind-the-head design, binding on the perimeter of the product, the overlap of one ear portion over the other in the collapsed configuration, and the narrow band portion connecting the larger ear portions.  This similarity in design would likely cause confusion to an ordinary observer as to the source of the product.  As shown in Exhibit G, the packaging of the Accused Product portrays the product in a manner confusingly similar to the trade dress of 180s ear warmers.

19. On October 26, 2010, counsel for 180s sent a letter to H&M General Counsel Laura

Brandt, notifying H&M of the '247 Patent and the '225 Registration, and of 180s' view that H&M's "adjustable band" ear warmer product infringed 180s' patent and trademark rights. The October 26, 2010 letter further demanded that H&M desist from any future making, using, selling, offering to sell, and importing of the Accused Product. A true and correct copy of the October 26, 2010 letter is attached hereto as Exhibit H.

20. H&M, through outside counsel, responded to 180s' October 26, 2010 letter on November 24, 2010, by denying 180s' allegations of patent and trade dress infringement and refusing to stop importing, offering for sale, and selling the Accused Product. A true and correct copy of H&M's November 24, 2010 letter is attached hereto as Exhibit I.

21. By letter dated November 29, 2010, 180s responded to H&M's November 24, 2010 letter and further notified H&M of 180s' view that the Accused Product also infringes the '609 Patent. A true and correct copy of 180s' November 29, 2010 letter is attached hereto as Exhibit J.

22. Before importing, offering for sale, and selling at least some of the Accused Product, H&M had actual or constructive knowledge of 180s brand ear warmers and 180s' intellectual property rights in behind-the-head ear warmers, including 180s' rights in the '247 Patent, the '609 Patent, and the '225 Registration.

### COUNT ONE—INFRINGEMENT OF THE '247 PATENT

23. Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. 180s, Inc. is the sole owner of the entire right, title, and interest in the '247 Patent, and 180s, LLC is an exclusive licensee under the '247 Patent.

25. H&M has infringed the '247 Patent under Sections 271 of Title 35 of the United States Code by making, using, selling, and/or offering to sell in the United States and/or importing into the United States the Accused Product, which embodies the inventions claimed in the '247 Patent.

26. On information and belief, H&M's infringement of the '247 Patent has been willful.

27. On information and belief, H&M will continue to infringe the '247 Patent unless enjoined by this Court.

28. Plaintiffs have been, and will continue to be, damaged and irreparably harmed by the actions of H&M, which will continue unless H&M is enjoined by this Court.

### COUNT TWO— INFRINGEMENT OF THE '609 PATENT

29. Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 22 of this Complaint as though fully set forth herein.

30. 180s, Inc. is the sole owner of the entire right, title, and interest in the '609 Patent, and 180s, LLC is an exclusive licensee under the '609 Patent.

31. H&M has infringed the '609 Patent under Sections 271 of Title 35 of the United States Code by making, using, selling, and/or offering to sell in the United States and/or importing into the United States the Accused Product, which embodies the inventions claimed in the '609 Patent.

32. On information and belief, H&M's infringement of the '609 Patent has been willful.

33. On information and belief, H&M will continue to infringe the '609 Patent unless enjoined by this Court.

34. Plaintiffs have been, and will continue to be, damaged and irreparably harmed by the actions of H&M, which will continue unless H&M is enjoined by this Court.

### COUNT THREE—TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. 1125(a) (LANHAM ACT §43(a))

35. Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 22 of this Complaint as though fully set forth herein.

36. After Plaintiffs established protectable trade dress rights in their ear warmer products under common law, and on information and belief after the issuance of the '225 Registration, H&M began selling the Accused Product having trade dress confusingly similar to the trade dress of the ear warmer products sold by 180s, LLC, aspects of which are protected by the '225 Registration, which trade dress is owned by 180s, Inc. and exclusively licensed to 180s, LLC.

37. The trade dress of the Accused Product is likely to cause confusion, mistake, or deception as to the source or sponsorship of the product.

38. H&M had constructive notice of 180s, Inc.'s ownership of the trade dress disclosed in the '225 Registration as of May 9, 2006, the date of registration, pursuant to 15 U.S.C. § 1072. On information and belief, H&M had knowledge of the entirety of the trade dress of the ear warmer products sold by 180s, LLC, and intentionally sold the Accused Product having trade dress confusingly similar to such trade dress, in knowing, deliberate, and willful disregard of Plaintiffs' trade dress rights.

39. The actions of H&M described above, and specifically, without limitation, H&M's use of the Plaintiffs' trade dress for ear covering products, constitute trade dress infringement in violation of Section 43(a) of the Lanham Act.

40. Plaintiffs have been, and will continue to be, damaged and irreparably harmed by the actions of H&M, which will continue unless H&M is enjoined by this Court.

## COUNT FOUR—COMMON LAW TRADE DRESS INFRINGEMENT

41. Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 22 and 35 through 40 of this Complaint as though fully set forth herein.

42. The actions of H&M described above, and specifically, without limitation, H&M's use of the Plaintiffs' trade dress for ear covering products, constitute common law trade dress infringement.

43. Plaintiffs have been, and will continue to be, damaged and irreparably harmed by the actions of H&M, which will continue unless H&M is enjoined by this Court.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs request the following relief:

A. a preliminary and permanent injunction against H&M, its respective officers, agents, servants, employees, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '247 Patent;

B. a preliminary and permanent injunction against H&M, its respective officers, agents, servants, employees, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '609 Patent;

C. a preliminary and permanent injunction against H&M, their respective officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the Plaintiffs' trade dress;

D. a judgment holding H&M liable for infringement of the '247 Patent;

E. a judgment holding H&M liable for infringement of the '609 Patent;

F. a judgment holding H&M liable for infringement of the Plaintiffs' trade dress;

G. an accounting of damages resulting from the infringement by H&M of the '247 Patent, together with prejudgment and postjudgment interest;

H. an accounting of damages resulting from the infringement by H&M of the '609 Patent, together with prejudgment and postjudgment interest;

I. an accounting and award of the profits of H&M and Plaintiffs' damages resulting from the infringement of Plaintiffs' trade dress by H&M;

J. that the infringement by H&M of the '247 Patent be adjudged willful and Plaintiffs' damages be trebled pursuant to Title 35, United States Code, § 284;

K. that the infringement by H&M of the '609 Patent be adjudged willful and Plaintiffs' damages be trebled pursuant to Title 35, United States Code, § 284;

L. that this be adjudged an exceptional case and that the Plaintiffs be awarded their attorneys' fees pursuant to Title 35, United States Code, § 285; and

M. that the Court grant the Plaintiffs such other relief as it deems just and equitable.

Dated: November 30, 2010					Respectfully submitted by:

   /s/ Douglas P. Lobel
COOLEY LLP
Douglas P. Lobel (Bar No. 12264)
dlobel@cooley.com
Jonathan G. Graves
jgraves@cooley.com
Heather A. Faltin
hfaltin@cooley.com
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, Virginia  20190
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

*Attorneys for Plaintiffs*
*180s, Inc. and 180s, LLC*

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs 180s, Inc. and 180s, LLC, hereby demand a trial by jury of all issues triable of right by a jury.

Dated:  November  30, 2010

    */s/ Douglas P. Lobel*
COOLEY LLP
Douglas P. Lobel (Bar No. 12264)
dlobel@cooley.com
Jonathan G. Graves
jgraves@cooley.com
Heather A. Faltin
hfaltin@cooley.com
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, Virginia  20190
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

*Attorneys for Plaintiffs*
*180s, Inc. and 180s, LLC*